UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN ALLISON, on behalf of himself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> TRUEACCORD CORP.; ORION PORTFOLIO SERVICES, LLC, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   BRIAN ALLISON
   116 Drs. James Parker Blvd, C&
   Red Bank, New Jersey 07701

   TRUEACCORD CORP.
   16011 College Blvd
   Suite 130
   Lenexa, Kansas 66219

   ORION PORTFOLIO SERVICES, LLC
   10375 Old Alabama Road Conn,
   Suite 302
   Alpharetta, Georgia 30022

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, TRUEACCORD CORP. ("TRUEACCORD"); ORION PORTFOLIO SERVICES, LLC ("ORION PORTFOLIO") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*.,

the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. TRUEACCORD maintains a location at 16011 College Blvd, Suite 130, Lenexa, Kansas 66219.

8. ORION PORTFOLIO maintains a location at 10375 Old Alabama Road Conn, Suite 302, Alpharetta, Georgia 30022.

9. TRUEACCORD uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10. ORION PORTFOLIO uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11. TRUEACCORD is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. ORION PORTFOLIO is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Classes are initially defined as:

> CLASS A - All New Jersey consumers who TRUEACCORD collected or attempted to collect a debt from, which was owned by ORION PORTFOLIO.
>
> The class definitions may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New Jersey who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

   c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

   d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to April 27, 2021, Plaintiff allegedly incurred a financial obligation to SANSONE ROUTE 35 FORD SERVICE ("SANSONE ROUTE 35 FORD").

22. The SANSONE ROUTE 35 FORD obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. Plaintiff incurred the SANSONE ROUTE 35 FORD obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24. The SANSONE ROUTE 35 FORD obligation did not arise out of a transaction that was for non-personal use.

25. The SANSONE ROUTE 35 FORD obligation did not arise out of a transaction that was for business use.

26. The SANSONE ROUTE 35 FORD obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. SANSONE ROUTE 35 FORD is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. At some time prior to April 27, 2021, the SANSONE ROUTE 35 FORD obligation was allegedly purchased by and/or sold to ORION PORTFOLIO.

29. At the time the SANSONE ROUTE 35 FORD obligation was allegedly purchased by and/or sold to ORION PORTFOLIO, the obligation was in default.

30. The principal purpose of ORION PORTFOLIO is the collection of debts which are in default at the time it purchases the debts.

31. ORION PORTFOLIO did not obtain a license from the New Jersey Department of Banking and Insurance prior to making attempts to collect the obligation as required by law. See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

32. On or before April 27, 2021, ORION PORTFOLIO, directly or through an agent, referred the SANSONE ROUTE 35 FORD obligation to TRUEACCORD for the purpose of collections.

33. At the time the SANSONE ROUTE 35 FORD obligation was referred to TRUEACCORD the SANSONE ROUTE 35 FORD obligation was past due.

34. At the time the SANSONE ROUTE 35 FORD obligation was referred to TRUEACCORD, the SANSONE ROUTE 35 FORD obligation was in default.

35. In an attempt to collect on the SANSONE ROUTE 35 FORD obligation, Defendants caused to be delivered to Plaintiff a communication dated April 27, 2021, which was addressed to Plaintiff. A copy of said communication is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

36. ORION PORTFOLIO did not obtain a license from the New Jersey Department of Banking and Insurance prior to authorizing and/or causing TRUEACCORD to send its April 27, 2021 communication as required by law. See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer,* 2018 U.S. Dist. LEXIS 85926; and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688.

37. The April 27, 2021 communication was sent to Plaintiff in connection with the collection of the SANSONE ROUTE 35 FORD obligation.

38. The April 27, 2021 communication is a "communication" as defined by 15 U.S.C. § 1692a(2).

39. Upon receipt, Plaintiff read the April 27, 2021 communication.

40. The April 27, 2021 communication provides the following information regarding the balance claimed due on the SANSONE ROUTE 35 FORD obligation:

Account Balance:  $345.84

41. The April 27, 2021 communication did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

42. The outstanding balance claimed to be due by Defendants on the SANSONE ROUTE 35 FORD obligation as of April 27, 2021 included an amount for interest, fees and/or other charges.

43. The April 27, 2021 communication did not inform Plaintiff that the amount of the debt included an amount for interest, costs and/or fees.

44. At all times relevant herein, ORION PORTFOLIO derived income from sources within New Jersey.

45. At all times relevant herein, ORION PORTFOLIO transacted business in New Jersey.

46. ORION PORTFOLIO is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

47. ORION PORTFOLIO is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

48. ORION PORTFOLIO is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

49. The SANSONE ROUTE 35 FORD obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

50. Alternatively, the SANSONE ROUTE 35 FORD obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

51. ORION PORTFOLIO engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

52. ORION PORTFOLIO engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

53. At all times relevant to this matter, ORION PORTFOLIO did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

54. At all times relevant to this matter, ORION PORTFOLIO did not obtain a license issued by the New Jersey Department of Banking and Insurance.

55. At all times relevant to this matter, ORION PORTFOLIO did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

56. At no time was TRUEACCORD authorized to collect the SANSONE ROUTE 35 FORD obligation.

57. At no time was ORION PORTFOLIO authorized to collect the SANSONE ROUTE 35 FORD obligation.

58. As ORION PORTFOLIO did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the SANSONE ROUTE 35 FORD obligation.

59. As ORION PORTFOLIO did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all relevant to this matter, it was prohibited from attempting to collect on the SANSONE ROUTE 35 FORD obligation.

60. As ORION PORTFOLIO did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times prior to April 27, 2021, TRUEACCORD was prohibited from attempting to collect on the SANSONE ROUTE 35 FORD obligation.

61. As ORION PORTFOLIO did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times prior to April 27, 2021, TRUEACCORD was prohibited from attempting to collect on the SANSONE ROUTE 35 FORD, N.A. obligation.

62. TRUEACCORD knew or should have known that its actions violated the FDCPA.

63. ORION PORTFOLIO knew or should have known that its actions violated the FDCPA.

64. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

65. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

  (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

  (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

  (c) Using unfair or unconscionable means to collect or attempt to collect any debt

  (d) Making a false representation of the character or amount of the debt;

  (e) Failing to effectively convey the amount of the debt.

66. Defendants have made collection attempts against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of ORION PORTFOLIO.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

67. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

68. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

69. Defendant's communication would cause the least sophisticated consumer to be confused about his or her rights.

70. Defendant's communication would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

71. Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

72. Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.

73. Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs and/or fees.

74. Defendant's communication would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that ORION PORTFOLIO had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

75. A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

76. Defendants' attempt to collect the alleged debt without first obtaining the license(s) and/or registrations necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq*.

77. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

78. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

79. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

80. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the SANSONE ROUTE 35 FORD obligation included an amount for interest and an amount for costs and/or fees.

81. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

82. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

83. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

84. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the SANSONE ROUTE 35 FORD obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

85. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were not registered with or authorized to do business in New Jersey.

86. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

87. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) and/or registration(s) necessary under New Jersey law.

88. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

89. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

90. Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

91. Defendants' conduct as described herein violated 15 U.S.C. § 1692g *et seq.*

92. Defendants violated 15 U.S.C. § 1692g *et seq.* by failing to effectively convey the amount of the debt.

93. Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

94. Defendant ORION PORTFOLIO is vicariously liable for any violations of the FDCPA that TRUEACCORD committed as described herein. See *Fox v. Citicorp Credit*

*Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

95. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

96. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

97. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

98. Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

99. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

100. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f)   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)   Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 25, 2021

Respectfully submitted,

By:  *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: July 25, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
*Attorneys for Plaintiff*

# EXHIBIT

# A

Fw: Fwd: Please Read: Let's tackle this together!



Begin forwarded message:

On Tuesday, April 27, 2021, 7:13 PM, Brian Allison <brian10384@gmail.com> wrote:

---------- Forwarded message ---------
From: **Eric Lee** <eric@email.trueaccord.com>
Date: Tue, Apr 27, 2021 at 3:19 PM
Subject: Please Read: Let's tackle this together!
To: Brian Allison <brian10384@gmail.com>

Thanks for giving us a shot, Brian!

**This is an important message for Brian Allison. If you are not this person, please disregard and delete it.**
Email not displaying correctly?
Skip to our message.

## Hello, Brian - Sorry we missed you with our last email!

TrueAccord here, reaching out about your outstanding balance of $345.84 with Orion Portfolio Services, LLC (current creditor of your original SANSONE RT35 FORDSERVICE account). We're sorry you have to go through this - but we're here to help. ☺

We're a friendly debt collection agency - we strive to make this process as easy and stress free as possible. Click the button below to begin the payment process.

Here are the details:

| | |
|---|---|
| **TrueAccord Account Number:** | 47-88-6431-24371 |
| **Current creditor:** | Orion Portfolio Services, LLC |
| **Original creditor:** | SANSONE RT35 FORDSERVICE |
| **Balance due:** | $345.84 |
| **Orion Portfolio Services, LLC account ending in:** | 3346 |
| **Original creditor account ending in:** | 5928 |

### Begin the Process of Clearing this Debt

P.S. As always, feel free to reply to this email or give us a call (866-611-2731) with questions, concerns or if you just want to chat. We're here for you. Thanks so much for your time.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please read below for important disclosures.

   

Copyright © 2021 TrueAccord

16011 College Blvd, Suite 130, Lenexa, KS 66219

Log in to your account

The law limits how long you can be sued on a debt. Because of the age of your debt, Orion Portfolio Services, LLC cannot sue you for it, and Orion Portfolio Services, LLC cannot report it to any credit reporting agency. In some states making a partial payment may revive Orion Portfolio Services, LLC's ability to sue to collect the remaining balance.

This was originally an account with SANSONE RT35 FORDSERVICE, account number ending in 5928